# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06 CR 324-15 |
| ) | |
| ) | |
| MARCUS BROWN, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Marcus Brown's ("Brown") motion to vacate his guilty plea. For the reasons stated below, we deny the motion.

## BACKGROUND

Brown was indicted in Count I of the indictment for conspiracy to distribute controlled substances and on September 26, 2007, he pled guilty to Count I of the indictment ("Plea Hearing"). Prior to his Plea Hearing, Brown alleges that his counsel provided him with a copy of a draft plea agreement which did not contain a complete "statement of facts" section, but rather stated at certain points "facts to be inserted." (Mot. 2). According to Brown, he never received a copy of the final plea agreement ("Plea Agreement") and he never went over the facts of the Plea

1

Agreement with his attorney prior to the Plea Hearing. Brown further alleges that the Government made additional changes to the Plea Agreement at the start of the Plea Hearing.

Brown alleges that the changes to the Plea Agreement caused him to be confused about the charges against him. Brown states that this confusion was exacerbated by the fact that at the time of the Plea Hearing, Brown had an 11th grade education and no prior experience with the criminal justice system. Brown alleges that he stopped the proceedings to consult with his attorney on several occasions due to his confusion. Brown has filed the instant motion to vacate his guilty plea pursuant to Federal Rule of Criminal Procedure 11 ("Rule 11"). The Government opposes the instant motion.

**LEGAL STANDARD**

Once a court accepts a guilty plea by a criminal defendant, that defendant may withdraw the plea of guilty prior to sentencing only if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). The statements made by a defendant at the acceptance-of-plea hearing are "given 'the presumption of verity'" and "if the allegations set forth in the motion contradict statements made by the defendant at an acceptance-of-plea hearing which satisfied the requirements of Rule 11, . . . the allegations must overcome [that presumption]." *United States v. Redig*, 27 F.3d 277, 280 (7th Cir. 2004)(quoting in part *United States v. Trussel*, 961 F.2d 685, 689-90 (7th Cir. 1992)). There is no absolute right to

withdraw a guilty plea once it has been accepted by the court and it is the defendant's burden to show that withdrawal of the guilty plea is appropriate under Rule 11. *United States v. Bennett*, 332 F.3d 1094, 1099 (7th Cir. 2003); *United States v. LeDonne*, 21 F.3d 1418, 1423 (7th Cir. 1994).

## DISCUSSION

Brown argues, in support of his motion, that the totality of the circumstances weigh in favor of vacating his guilty plea. Brown argues that the lack of a "facts" section in his draft guilty plea, the complexity of the Plea Agreement, his age and intelligence, and his confusion during the Plea Hearing, demonstrate that Brown's guilty plea was not "'voluntary and intelligent'" and that "fair and just" reasons favor vacating Brown's guilty plea. (Mot. 1)(quoting in part *United States v. Saenz*, 969 F.3d 294, 296 (7th Cir. 1992)). The Government argues that the record does not support Brown's allegation that he was not provided with the underlying facts of his guilty plea. Furthermore, the Government argues that there are numerous factors that indicate that Brown's plea of guilty was voluntary and intelligent, including: (1) Brown's statements that he was satisfied with his counsel at the Plea Hearing, (2) the ample time and ability that Brown had to meet and speak with counsel, (3) the fact that Brown stated at the Plea Hearing that he had reviewed the final Plea Agreement with his counsel prior to signing it, and (4) the fact that the court reviewed the factual basis of the Plea Agreement at the Plea Hearing and Brown acknowledged the facts set out in the factual basis section. (Ans. 3-4).

I. Factual Basis Underlying the Plea

The Government disputes Brown's allegation that the draft plea agreement provided to him at the Plea Hearing was incomplete, and that Brown "never went over the facts in the actual plea entered before the change of plea hearing." (Mot. 2) The Government argues that Brown's assertion is not supported by the record and, in fact, it is directly contradicted by Brown's own statements at the Plea Hearing. As noted by the Government, Brown made no reference to these alleged deficiencies with respect to the factual basis underlying the Plea Agreement at the Plea Hearing. (Ans. 3). Furthermore, Brown acknowledged the facts outlined in the Plea Agreement. (Ans. 4). In fact, Brown himself described to the court what he did relating to the offense to which he was pleading guilty. (Mot. 3).

Brown's statements at the Plea Hearing directly contradict his allegations in the instant motion regarding his ability to review the underlying facts for the crime to which he was pleading guilty. The Seventh Circuit has stated that in instances where "the allegations set forth in the motion contradict statements made by the defendant at an acceptance-of-plea hearing . . . the allegations must overcome the 'presumption of verity' that attaches to such statements." *Redig*, 27 F.3d at 280 (quoting in part *Trussel*, 961 F.2d at 689-90). In support of Brown's argument that he did not review the underlying facts, Brown submits a draft Plea Agreement that does state in several places "facts to be inserted." (Mot. Appx. 1). However, the mere fact that a previous draft Plea Agreement may have existed that did not include a complete recitation of the facts does not establish that Brown never reviewed the facts of the final Plea

4

Agreement. Brown indicated at the Plea Hearing that he had read the facts of the Plea Agreement and that he agreed with those facts. (Tr. 29). Brown has not pointed to any evidence that would overcome the presumptive truth of Brown's statements that he had reviewed the facts of the Plea Agreement. Therefore, we agree with the Government that Brown has not demonstrated that he was provided with an incomplete version of facts in his Plea Agreement and that he did not review the facts prior to pleading guilty, particularly in light of Brown's own statements under oath to the contrary at the Plea Hearing.

II. Brown's Claim of Confusion

Brown argues that the record reflects that he was confused during the Plea Hearing. In support of this argument, Brown points to the fact that he stopped the proceedings on three occasions to consult with his counsel. (Mot. 3). However, as the Government points out, the fact that Brown stopped the proceedings to consult with counsel after being invited to do so by the court does not constitute evidence that Brown was confused. The first instance where Brown consulted with counsel was with respect to the $100 special assessment imposed. (Tr. 13-14). Brown's counsel explained on the record that the off-the-record consultation with Brown related to the consequences of not paying the special assessment. (Tr. 13-14). The second instance where Brown consulted with counsel related to the issue of whether Brown would receive credit for time already served. (Tr. 19). The final instance where Brown consulted with counsel occurred after the court invited Brown to speak

5

to his counsel before describing in his own words, the crimes to which he was pleading guilty. (Tr. 31).

We agree with the Government that none of these instances where Brown consulted with counsel reflect confusion on Brown's part and these instances do not constitute evidence that Brown's plea was not voluntary and intelligent. In fact, each of the instances of consultation reflect that Brown was aware of the criminal conduct to which he was pleading guilty. Furthermore, each time that Brown consulted with his attorney the court clarified that Brown fully understood the issue before moving on. (Tr. 14, 20, 31).

At the plea hearing this court advised Brown that "at any time during this proceeding if you need to consult with your lawyer, you don't understand something, don't hesitate, don't be shy about it, just get my attention [and] I will interrupt the proceedings to give you a chance to consult with your lawyer. (Tr. 4). The court also asked Brown if he had enough time to discuss his case with his lawyer and he responded "yes, sir." (Tr. 6). Brown also indicated that he was satisfied with his attorney. (Tr. 7). The court also carefully instructed Brown about his rights to a jury trial and Brown indicated that he both understood those rights and that he had discussed his rights with his lawyer. (Tr. 8-10). Furthermore, the court showed Brown a copy of the final Plea Agreement and Brown verified that he had signed it and stated that he had read the Plea Agreement and discussed it with his attorney before he signed it. (Tr. 11-12). Furthermore, at the request of the court, the Government summarized the facts underlying guilty plea. (Tr. 25-28). After the

6

Government summarized the facts, the court asked Brown if he had read those facts that the Government's attorney just read. (Tr. 29). Brown stated "Yes I have." (Tr. 29). The court further asked Brown if he agreed with those facts. (Tr. 29). Brown answered "Yes, sir." (Tr. 29). The court asked Brown if had heard the statement of the Government relating to the facts and Brown responded "Yes." (Tr. 29). The court then asked Brown if the Government's attorney's statement was correct and Brown responded "Yes, sir." (Tr. 30). The court then asked Brown if he disagreed with any of the facts stated by the Government including the facts articulated on pages 2 through Page 19 of his Plea Agreement. (Tr. 30). Brown responded, "No, sir." (Tr. 30). Brown once again was showed the Plea Agreement and asked if the signature and the initials contained in the Plea Agreement were his, and he responded "Yes, sir." (Tr. 30).

Also, the court told Brown as follows: "I require each defendant who pleads guilty before me to tell me in his own words very briefly in a sentence or two as to what you did relating to that offense that you are pleading guilty to and you may consult with your lawyer before you answer my question." (Tr. 31). The court then asked Brown "would you like to consult with your lawyer or you know what to say?" (Tr. 31). Brown indicated that he would like to consult with his lawyer and in fact consulted with his lawyer. (Tr. 31). After consulting with his lawyer, the court asked Brown if he was ready to make his statement and Brown stated "Yes, sir." (Tr. 31). Brown then stated: "Yes, your Honor. I sold drugs for other people in The Square and I also brokered drug deals for the undercover agents, sir." (Tr. 31). The

7

court then asked Brown if he knew that what he was doing was wrong and against the law and Brown responded "Yes, sir." (Tr. 32). The court then advised Brown that the court would ask Brown as to what his plea was as to Count 1 of the Indictment and further advised Brown that he may consult with his lawyer before answering. (Tr. 32). The court then asked Brown "What is your plea , sir?" (Tr. 32). Brown answered "Guilty." (Tr. 32). Finally, at the end of the Plea Hearing the court asked "Mr. Brown, did you understand everything very clearly?" (Tr. 39). Brown answered, "Yes. I did, sir." (Tr. 39).

     The facts during the Plea Hearing indicate that Brown voluntarily and intelligently plead guilty to Count 1 of the indictment and that there was no confusion regarding the underlying facts or his plea. A defendant seeking to overturn a plea of guilty must offer "substantial evidence that impugns the validity of the plea." *Redig*, 27 F.3d at 277. Brown has not offered such evidence and has failed to point to any facts that indicate that his statements at the Plea Hearing were not knowing and voluntary. The record reflects that Brown was aware of the nature of the charges brought against him and that his plea of guilty was voluntary and intelligent. Therefore, we deny the motion to vacate Brown's guilty plea.

## CONCLUSION

Therefore, based on the foregoing, we deny the motion to vacate Brown's guilty plea.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: April 29, 2008